## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **VONNIE WENCK** | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **Civil Action No.** _4:16-cv-3486_ |
| | § | |
| **CHANEL, INC.** | § | |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Vonnie Wenck ("Plaintiff") by and through the undersigned counsel, files this her Original Complaint against Chanel, Inc. seeking all available relief under the Age Discrimination in Employment Act, 29 U.S.C. Section 621 et. seq. and The Texas Commission on Human Rights Act, Texas Labor Code Section 21.001 et. seq. for discrimination on the basis of age.

### JURISDICTION AND VENUE

1.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391 as the events giving rise to Plaintiff's claims occurred within this judicial district and Defendant does business in this district.

### PARTIES

3.      Plaintiff, Vonnie Wenck is a Texas resident who worked for Defendant from July 23, 2007 through February 28, 2014.

4.      Defendant, Chanel, Inc. ("Defendant") is a New York corporation that that does business  in the State of Texas, including within this Judicial District.  Defendant may be served with process by serving its Registered Agent, Laura McClung, 81-85 1/2 Highland Park Village,

Dallas, Texas 75205.  Defendant is an "employer" within the meaning of the ADEA and the TCHRA.

5.      Whenever in this Petition it is alleged that Defendant committed any act or omission, it is  meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## CONDITIONS PRECEDENT TO SUIT

6.      All conditions precedent to filing this cause of action have been met.

7.      Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWC-CRD") alleging discrimination on the basis of  age and  received  a Notice of Right to Sue letter dated August 31, 2016.

8.      This action has been  filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue Letter from the EEOC.

## FACTS

9.      Plaintiff, who was born in 1955, was 59 at the time of her unlawful termination from employment by Defendant on February 28, 2014.

10.   Plaintiff was initially hired by Defendant at its Houston Boutique located in the Houston Galleria at 5015 Westheimer Rd., Suite 2200, Houston, Texas 77056 on July 23, 2007. Plaintiff's initial position was Counter Manager for Fragrance and Beauty ("F&B").  Plaintiff's title was changed to Sales Associate in 2011 .  Since  2011, Plaintiff was required to sell both

F&B and fashion merchandise.  This fact is corroborated by Defendant's annual performance quotas for Plaintiff, which included both F&B sales quotas and fashion merchandise quotas.

11.     From her initial hire in 2007 through 2011, Plaintiff met and exceeded sales goals and received excellent annual reviews.  During this time, the Boutique Director was Eleanor Connan.  In July 2011, when Ms. Connan was 72, she was forced to retire.  Beginning in July 2010, Jennifer Hansen began serving as Regional Manager over the Houston Boutique.  From July 2011 until December 2011, Michael Martin, Assistant Manager, served as Director/Manager of the Houston Boutique.  In December 2011, Amy Logan became the Houston Boutique Director. In January 2013, Mr. Martin was asked to prepare Plaintiff's written 2012 performance evaluation.  And based upon instructions from Ms. Hansen, Mr. Martin was directed not to give Plaintiff a good review.  In March 2013, Ms. Hansen delivered Plaintiff's 2012 performance evaluation telling Plaintiff that her performance was not up to standards and that the Company could hire a younger person for half as much as they were paying Plaintiff and that such person could do a much better job.  Thereafter, on numerous occasions, Ms. Hansen again told Plaintiff that Defendant could hire someone much younger for much less to perform Plaintiff's job.  Several times thereafter, Plaintiff was asked to resign or retire.  Twice in January 2014, Plaintiff was contacted by Yvette Hoa, HR Director, and asked if she would resign and accept a retirement package.  But, Plaintiff declined the offer.  Finally, February 28, 2014, Plaintiff was called in to meet with Ms. Hansen along with Ms. Hoa on the speaker phone. Ms. Hansen read to Plaintiff from a paper and told Plaintiff that Plaintiff was no longer happy in her job with Defendant, she did not obey management procedures and policies, and she was being terminated because her job was being eliminated.  Since her termination from employment by Defendant, Plaintiff has made diligent efforts to secure other employment, but to no success.

12.    After Plaintiff filed her charge of discrimination in May 2014, Defendant, for the first time, claimed that in early 2013, a decision had been made to renovate and reduce in size, including eliminating the F&B Counter at the Houston Boutique, and that this decision would cause the elimination of Plaintiff's position.  Plaintiff was never told about this "decision", and she was only told that her job was eliminated when she was terminated on February 28, 2014. Defendant continued selling F&B products after Plaintiff's termination, hired a replacement in her 20's, and did not commence the "renovation" until May 2014.  And thereafter, Defendant has continued to sell F&B products to its customers.

13.    Accordingly, Defendant's premise that Plaintiff was merely an F&B advisor and that her position was eliminated as a result of the removal of the F&B Counter as part of the renovation of the Houston Boutique which did not take place until May 2014 is belied by  the facts.  Defendant states that the renovation decision was made in early 2013.  But nothing about the alleged decision to renovate and close the F&B Counter was announced until the renovation commenced in May 2014.  Plaintiff was not told about the renovation decision on February 28, 2014 when she was terminated.   When Ms. Hansen conducted Plaintiff's 2012 performance evaluation in March 2013 (presumably after the alleged decision to renovate which was made in early 2013), she didn't tell Plaintiff that her position was going to be eliminated.   To the contrary, Ms. Hansen told Plaintiff that she was too old for the job and that she could be replaced by a younger individual for much less salary. Ms. Hansen repeated this latter statement to Plaintiff on other occasions prior to Plaintiff's termination.   And, Defendant, through Ms. Hoa, unsuccessfully attempted to persuade Plaintiff to resign and accept a retirement package prior to Plaintiff's termination.    F&B sales continued at the Houston Boutique after Plaintiff was terminated. And, Plaintiff was replaced by a much younger individual who continued selling

4

F&B products after Plaintiff was terminated.  Lastly, Defendant continues to sell F&B products at the Houston Boutique even after the May 2014 renovation.

## DISCRIMINATION BASED ON AGE

14.     Plaintiff was discharged on February 28, 2014.  Plaintiff was qualified for her position as fragrance and beauty salesperson - having successfully performed the duties of the position since July 23, 2007.   At the time of her termination, Plaintiff was  59.   Prior to Plaintiff's termination, members of Defendant's management had suggested to Plaintiff that she was too old for her job and that she should resign or retire, and that she could be replaced by a much younger person for much less salary.   Approximately two weeks after Plaintiff's termination, Plaintiff was replaced by a sales associate  who was approximately 26 years old. Plaintiff's replacement was not better qualified than Plaintiff.

15.     As noted, Plaintiff was qualified for the position she held at the time of her termination.   Plaintiff suffered an adverse employment action when she was terminated on February 28, 2014.  Plaintiff was treated differently than her younger coworkers.    Defendant's stated reason for terminating Plaintiff (i.e. the elimination of her position, as a result of the renovation of the Houston Boutique) was a pretext for age discrimination.

## PATTERN AND PRACTICE OF AGE DISCRIMINATION

16.     On information and belief, Plaintiff asserts that Plaintiff's termination from employment by Defendant was part of an overall plan on the part of Defendant to rid itself of the older employees in the Houston Boutique and replace them with younger employees to attract younger customers.  From July 2011 through February 2014, Defendant forced Eleanor Connan (72) to retire; forced Michael Martin (56) to resign; terminated Derrick Brown (54); terminated Adi Patir (65); and, terminated Plaintiff (59).The Defendant's conduct in this regard constitutes a

pattern and practice of willful age discrimination in violation of  the ADEA and the TCHRA. The stated reasons for the Defendant's termination of all the above employees were not the true reasons, but instead were a pretext to hide the Defendant's discriminatory animus to knowingly and willfully engage in age discrimination.

## DAMAGES

17.    This action seeks equitable relief, including backpay and frontpay where appropriate, liquidated damages, and attorney's fees and costs. As a result of Defendant's violations of the law, Plaintiff seeks the following relief: (1) back pay; (2) reinstatement, or if reinstatement is deemed not feasible, front pay; (3)  attorneys' fees and costs; (4) and,  liquidated damages for willful violation of the ADEA

## ATTORNEYS' FEES

18.    As a result of the actions stated above, Plaintiff was forced to employ the undersigned attorneys.

19.    As a result of Defendant's conduct, Plaintiff is entitled to recover from Defendant her reasonable attorneys' fees for bringing this action under the applicable statutes, as well as the costs incurred in this action and any and all appeals of this action.

## JURY DEMAND

20.    Plaintiff requests a trial by jury on all issues triable by a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that she have judgment against Defendant for  the full amount of Plaintiff's  damages recoverable at law,  the full amount of the Plaintiff's pecuniary damages and losses,   Plaintiff's attorneys' fees and costs and  all  other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**LUBEL VOYLES  LLP**


By: */s/ Adam Q. Voyles*             
       Adam Q. Voyles
       Texas State Bar No.: 24003121
       5020 Montrose Blvd., Suite 800
       Houston, Texas 77006
       Telephone No.: (713) 284-5200
       Facsimile No.: (713) 284-5250
       Email:adam@lubelvoyles.com

       **ATTORNEY-IN-CHARGE FOR PLAINTIFF**

       A.L. Dent III
       Texas State Bar No. 05759500
       Federal Bar No. 3718
       Law Office of A.L. Dent III
       7941 Katy Freeway #444
       Telephone No.: (713) 465-4611
       Email: ald3@comcast.net


       Alan N. Magenheim
       **MAGENHEIM & ASSOCIATES**
       Texas State Bar No.: 12816200
       3701 Kirby Drive, Suite 913
       Houston, Texas 77098
       Telephone: (713) 529-1700
       Facsimile: (713) 529-1705
       Email:alan@magenheimlaw.com


       **ATTORNEYS FOR PLAINTIFF**